IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN THOMAS,

    Petitioner,                    No. 2:11-cv-1747 KJN P

    vs.

KATHY ALLISON,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner alleges that the California Board of Parole Hearings ("BPH") uses a "lack of insight" when finding prisoners unsuitable for parole, although there is no explicit standard for this factor. Petitioner also alleges that there are no groups or programs within the California Department of Corrections and Rehabilitation ("CDCR") to teach crime based and or related insight sufficient to satisfy an "unknown level or measure."

        As relief, petitioner seeks an order directing the CDCR to implement programs designed to teach crime based insight, an order directing CDCR and or BPH to define insight and to issue an explicit standard for application of that definition, and an order directing CDCR and or BPH to cease using "lack of insight" as unsuitability criteria until a clear and concise standard

1

of application is drafted.  Petitioner also seeks an order directing the BPH to hold a new suitability hearing for him under the new standard.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

However, the Supreme Court has recently reaffirmed that federal habeas relief is not "the sole remedy, or even an available one, where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody." Skinner v. Switzer, 131 S. Ct. 1289, 1298 ( 2011), citing Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242 (2005).  In Wilkinson, the Supreme Court allowed to proceed a civil rights action challenging the procedures used to determine when an inmate could be reviewed for parole. Success on the claim would, at most, have resulted in changed procedures which would hasten consideration of parole, but not necessarily imply the invalidity of the earlier parole

1 determination under the prior procedures. See also Skinner, supra, at 1298 (holding that plaintiff
2 "properly invoked § 1983[as][s]uccess in his suit for DNA testing would not 'necessarily imply'
3 the invalidity of his conviction.").
4      In the instant case, petitioner challenges procedures used to determine parole
5 suitability. Success on petitioner's claims would neither terminate petitioner's custody,
6 accelerate his future date of release from custody, nor reduce his level of custody. For these
7 reasons, the undersigned finds that petitioner's claims are more appropriately raised in a civil
8 rights action.
9      Petitioner has not filed an in forma pauperis affidavit or paid the required filing
10 fee. See 28 U.S.C. §§ 1914(a), 1915(a). Therefore, petitioner will be provided the opportunity
11 either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or
12 to submit the appropriate filing fee.
13      In accordance with the above, IT IS HEREBY ORDERED that:
14      1. This action is construed as a civil rights action; the petition is dismissed with
15 thirty days to file a complaint pursuant to 42 U.S.C. § 1983;
16      2. Petitioner shall submit, within thirty days from the date of this order, an
17 affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk
18 of Court, or the appropriate filing fee; petitioner's failure to comply with this order may result in
19 the dismissal of this action; and
20      3. The Clerk of the Court is directed to send petitioner a new Application to
21 Proceed In Forma Pauperis By a Prisoner and a civil rights complaint form.
22 DATED: July 7, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom1747.109